THOMAS GRUBBS' EXR. *v.* W. C. & THOMAS H. SATTERFIELD.

**Wills—Power of Executor to Sell and Convey—May Complete Sale by Testator.**

Where an executor has power under the will to sell and convey real estate, he may complete by conveyance any sale made by the testator and his deed will vest the purchaser with a perfect title to the land.

APPEAL FROM BATH CIRCUIT COURT.

October 11, 1871.

OPINION BY JUDGE LINDSAY:

The title of Grubbs to the land sold to Satterfield seems to be unexceptionable.

The executor had full power under the will of Grubbs to sell and convey all lands of which he died seized, or in which he owned any interest, except such as were specifically devised. Having the power to sell and convey, there can be no doubt but that he would also complete by a conveyance any sale made by his testator. The executor's deed to Satterfield vested him with a perfect title to the land, and was all he had the right to require.

The execution of the note sued on is strong, presumptive evidence that there was at its date due and owing by Satterfield

to Grubbs the full amount thereof. This presumption must be overcome by a preponderance of testimony before Satterfield should be allowed to escape the payment of the note.

We are of opinion that the evidence in this case is insufficient to establish the fact that the larger part of the debt due from appellee to Grubbs had in point of fact been paid when the note was given. There is no reason why the credit for $1,600, the amount agreed to be paid by Dennis for the two hundred acres of land he was to get, should not have been deducted from the aggregate amount owing to the purchase before the note was given, and from the evidence of Stephens and Brown we entertain no doubt but that it was.

Stephens says that the agreement at the time was that this $1,600 was to have been credited on the bond, originally executed in duplicate between Grubbs and Satterfield, but that the bond could not be found. It was certainly not the note that was lost, because it was then being executed. But doubtless the reason why Satterfield was so anxious to have this credit entered on the bond was that the creditors, togehetr with the others, and the note he was then executing would cover the amount of the bond and extinguish the indebtedness thereby evidenced. Brown says that afterwards, when he heard the parties canvassing the state of their accounts, this $1,600, with other amounts he recollects with great distinctness, amounted to about $2,199, and that Satterfield was entitled to a credit of that amount. To this sum add the amount of the note and the sum approximates five thousand dollars, the price originally agreed to be paid for the land.

There is some evidence conducing to show that Satterfield had let Grubbs have small lots of cattle, mules and hogs. The value of this stock doubtless went to discharge the accrued interest on the original price of the land, and to make up with the $1,600 the $2,199 credit of which the witness Brown speaks.

From the evidence of Bradshaw we are inclined to think that the amount of the judgment in favor of Grubbs v. Bradshaw and Satterfield—$810.31—should be credited on the note sued on as of date October 31, 1860. The hog contract, it is true, was made and violated before the execution of the note, but the payment of the judgment was afterwards. It is evident this amount was

not deducted when the note was given, and Bradshaw is posi-
tive that the hogs were to have been delivered as a payment on
the land. Except as to this credit the judgment should have
been for the full amount of the note, and the vendor's lien en-
forced.

We are, however, of opinion that the plea of infancy inter-
posed by James H. Satterfield was sustained by the evidence
and that no judgment should have gone against him.

To the extent indicated and for the correction alone of the
errors pointed out, the judgment is reversed on the appeal as
to W. G. Satterfield and remanded for further proceedings. It
is also reversed on the cross-appeal as to James H. Satterfield
and cause remanded with instructions to dismiss as to him.

*Winn, Hazelrigg, Lacy, for appellants.*

*Nesbitt & Gudgall, for appellee.*